# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

UNITED STATES OF AMERICA      §
                              §
                              §
V.                            §          Case Number 4:03CR159(1)
                              §                 (Judge Crone)
PATRICK WADE SCHNITKER (1)    §

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 4, 2007, to determine whether the Defendant violated his supervised release. The Defendant was represented by Don Bailey. The Government was represented by Randy Blake.

On June 30, 2004, the Defendant was sentenced by the Honorable Paul Brown, United States District Judge, to thirty-seven (37) months custody followed by a three (3) year term of supervised release for the offense of Fraudulent Use of Access Devices. On May 6, 2006, the Defendant completed his period of imprisonment and began service of his supervised term.

On December 26, 2006, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender Under Supervision. The petition asserted that the Defendant violated the following conditions: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer; (3) Defendant shall refrain from any unlawful use of a controlled substance and shall submit to a drug test within fifteen (15) days of release from imprisonment and at least two (2) periodic drug tests thereafter; (4) Defendant shall refrain from the

excessive use of alcohol and shall not purchase, possess, use, or distribute, or administer any narcotic or other controlled substance or paraphernalia related to such substances, except as prescribed by a physician; and (5) Defendant shall participate in a program of testing and treatment for drug abuse until Defendant is released from the program by the probation officer.

The petition alleges that Defendant committed the following violations: (1) Defendant was arrested for criminal trespassing in Sherman, Texas; (2) Defendant failed to notify the probation officer within seventy-two (72) hours of said arrest and failed to inform the officer of the arrest during a home visit on October 26, 2006; (3) Defendant submitted urine specimens that tested positive for methamphetamine on September 15, November 9, 13, 16, and 20, 2006; (4) Defendant failed to call the random drug testing line on November 14, 15, 17, 19, and 22, 2006, and failed to call during the month of December, 2006; (5) According to counselor Keith Lang, Defendant failed to report for scheduled counseling on November 15, 2006, and has not contacted him since to schedule subsequent counseling sessions.  Mr. Lang also reported that Defendant stated he does not see himself without the daily use of drugs.

Prior to the Government putting on its case, the Defendant entered a plea of not true to the first two alleged violations.  Defendant entered a plea of true to the last three violations.  The Government proceeded on the first two violations and called United States Probation Officer Dominic Morrison.  Officer Morrison testified that Defendant did not notify him of his arrest in Sherman, Texas.  On cross-examination, the Defendant's counsel asked Officer Morrison if he had any knowledge of a message Defendant asserts he left on the Probation Office's phone the day he was bonded out on the criminal trespassing charge.  Officer Morrison stated he had no knowledge of such message.

At the hearing, the Court found that Defendant violated all conditions of his release except the criminal trespassing violation.  This charge has not yet been adjudicated.

## RECOMMENDATION

The Court recommends that the District Court revoke the Defendant's supervised release.  Pursuant to the Sentencing Reform Act of 1984, the Court recommends that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-four (24) months, to be served consecutively to any other term, with no supervised release to follow.

Within ten (10) days after ~~receipt~~ *service* of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C.A.  § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

Signed this /¼ day of April, 2007.

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE